UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Cajamarca,<br><br>Plaintiff,<br>v.<br><br>Frederick J. Hanna & Associates, P.C.,<br><br>Defendant. | Case No.<br><br>REMOVAL ACTION |

## NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Defendant, Frederick J. Hanna & Associates, P.C. (hereinafter referred to as "Defendant"), by and through its undersigned attorney, respectfully represents as follows:

1. The removing party is the Defendant in the above entitled action.

2. On or about May 6, 2012, the above entitled action was commenced by the filing of a Civil Action against Defendant in the Civil Court of the City of New York, County of Queens, Index No. 018263 (the "State Court Action"), and is now pending therein. *A true and correct copy of the Civil Complaint is attached and marked as **Exhibit A**.*

3. The State Court Action was served on Defendant on May 24, 2012.

4. The State Court Action seeks, inter alia, the following relief: monetary and statutory damages for invasion of privacy for the violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (*See Exhibit A*).

5. This Court has original jurisdiction over the above entitled action pursuant to 28 U.S.C. §1331, as it involves a federal question with regards to the alleged violations of the Fair

Debt Collections Practice Act, 15 U.S.C. §1692 *et seq.* Thus, this action must therefore be removed to this Court pursuant to 28 U.S.C. §1441(a). Furthermore, this Court will have pendent jurisdiction over any other state claims that may be asserted by the Plaintiff.

6. This notice is timely filed with the Court within thirty (30) days after service of the Summons and Complaint on the removing party in the above entitled action pursuant to 28 U.S.C. §1446(b).

7. Copies of this Notice of Removal as well as the attached Notice of Filing of Notice of Removal and Certificate of Service are being simultaneously served today on the Plaintiff and the Civil Court of the City of New York, County of Quenns via U.S. Mail.

WHEREFORE, the Frederick J. Hanna & Associates, P.C. prays that the above entitled civil action be removed from the Civil Court of the City of New York, County of Queens, Index No. 018263.

> Respectfully submitted,
> **MAURICE & NEEDLEMAN, P.C.**
>
> /s/ Rachel Marin
> Rachel Marin, Esq.
> Attorney for Defendant,
> Frederick J. Hanna & Associates, P.C.
> 5 Walter E. Foran Blvd., Suite 2007
> Flemington, NJ 08822
> (908) 237-4550
> (908) 237-4551 fax
> rmarin@mnlawpc.com

Date: June 19, 2012

# CIVIL COURT OF NEW YORK CITY
# COUNTY OF QUEENS

MAY 1 1 2012

Index No.

018263

Carlos Cajamarca,

        Plaintiff

— against —

Frederick J. Hanna & Associates, P.C.,

        Defendant(s).

**SUMMONS**

Plaintiff's Residence:
87-21 75th Street
Woodhaven, NY 11421

The basis of the venue designated is:
Location where cause of action arose

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of Queens at the office of the Clerk of the said Court at 89-17 Sutphin Boulevard, Jamaica, New York 11435 in the County of Queens, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $10,000 with interest thereon from the 6 day of May, 2012, together with the costs of this action.

Dated: the 6 day of May, 2012.

                                    Benjamin Nazmiyal Law Group, P.C.
                                    209 Main St.
                                    Suite 3A
                                    Fort Lee, NJ, 07024
                                    (201) 379-5507 — Telephone
                                    (201) 849-5407 — Facsimile

NOTE: The law provides that:

(a) if this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or

(b) if this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507 – Telephone
(201) 849-5407 – Facsimile
Attorneys for Plaintiff
    Carlos Cajamarca

## CIVIL COURT OF NEW YORK CITY
## COUNTY OF
## QUEENS

| | |
|---|---|
| Carlos Cajamarca, <br> Plaintiff <br><br> – against– <br><br><br><br> Frederick J. Hanna & Associates, P.C., <br> Defendant(s). | Docket No. <br><br> PLAINTIFF'S COMPLAINT. |

Aryeh Pomerantz, Esq.

Plaintiff, complaining of Defendant, states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, Carlos Cajamarca, is an adult residing in Queens County, New York.
3. Defendant Frederick J. Hanna & Associates, P.C. is a law firm regularly engaged in the business of collecting debts in this State with its principal place of business located at 1427 Roswell Rd., Marietta, GA 30062. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.
4. Defendant Frederick J. Hanna & Associates, P.C. is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.
5. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

### Factual Allegations

6. Frederick J. Hanna & Associates, P.C. attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Chase Bank.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. Frederick J. Hanna & Associates, P.C. sent Plaintiff a dunning letter dated May 09, 2011.

9. Frederick J. Hanna & Associates, P.C.'s letter to Plaintiff was written on Frederick J. Hanna & Associates, P.C.'s letterhead which clearly identifies Frederick J. Hanna & Associates, P.C. as a law firm.

10. Frederick J. Hanna & Associates, P.C.'s letter gave the impression that it was acting in its legal capacity and raised the specter of potential legal action.

11. In fact, Frederick J. Hanna & Associates, P.C. was not acting in its legal capacity when it sent the letter; rather, it was acting in the capacity of a debt collector.

12. Frederick J. Hanna & Associates, P.C. could have clearly stated that it was not acting in its legal capacity, but was acting merely as a debt collector.

13. Nevertheless, Frederick J. Hanna & Associates, P.C. failed to do so.

14. Thus, in violation of FDCPA § 1692e(3) & (5), Frederick J. Hanna & Associates, P.C. was misleading and deceptive both in implying that it was

acting in its legal capacity and by falsely raising the specter of potential legal action.

15. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

Defendant Frederick J. Hanna & Associates, P.C. violated provisions of the FDCPA, including, but not limited to, the following.

The FDCPA § 1692e(3) prohibits the false representation that any communication is from an attorney. § 1692e(5) prohibits threatening to take any action that is not intended to be taken. By using its law firm letterhead without clearly stating that it was not acting in its legal capacity, but merely as a debt collector, Frederick J. Hanna & Associates, P.C. falsely represented that it was acting in its legal capacity and it falsely raised the specter of potential legal action, in violation of the FDCPA.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $10,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

(b) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(c) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,   Benjamin Nazmiyal Law Group, P.C.
                          Attorneys for Plaintiff
                          Carlos Cajamarca
                          By _____
                          Aryeh Pomerantz
                          May 03, 2012

Certification

The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: May 03, 2012          Signature: _____
                                       Aryeh Pomerantz