

Attorneys at Law
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
tel. 908.237.4550
fax 908.237.4551

www.mnlawpc.com

Donald S. Maurice
Member DC & NJ Bar
Board Certified
Creditors' Rights Law
American Board of Certification

Joann Needleman
Member PA & NJ Bar

Thomas R. Dominczyk
Member NJ , NY & PA Bar

Rachel Marin
Member NJ & NY Bar

July 3, 2012

VIA ECF and U.S. MAIL

Judge Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Carlos Cajamarca v. Frederick J. Hanna & Associates, P.C.
      Docket No.  1:12-cv-03291-ENV-CLP

Dear Judge Vitaliano:

The undersigned is counsel of record for the Defendant, Frederick J. Hanna & Associates, P.C., ("Hanna") in the above referenced matter.  Hanna requests permission to file a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).  Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq*.  However, Plaintiff's claims are past the applicable statute of limitations and therefore must be dismissed.

15 U.S.C. § 1692k(d) provides:

> Jurisdiction. An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year from the date on which the violation occurs</u>. (emphasis added).

15 U.S.C. §1692k(d) is recognized as a jurisdictional statute. <u>Mattson v. U.S. West Communications, Inc.</u>, 967 F.2d 259, 262 (8th Cir. 1992); <u>Fountain v. Giove Law Office</u>, 2006 U.S. Dist. LEXIS 93972 (D.N.J. December 29, 2006).

Violations of the FDCPA are not subject to a "continuing violations doctrine" and a series of violations cannot constitute a single actionable violation.  <u>Peterson v. Portfolio Recovery Assocs., LLC</u>, 2011 U.S. App. LEXIS 11453 (3d Cir. June 6, 2011) ("the FDCPA statute of limitations should begin to run on the date of 'the debt collector's last opportunity to comply with' the Act." (citations omitted)); <u>Huertas v. United States Dep't of Educ.</u>, 2009 U.S. Dist. LEXIS 89903 (D.N.J. Sept. 28, 2009) citing

Pennsylvania Office
MAURICE & NEEDLEMAN, P.C.
Suite 935, One Penn Center
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
tel. 215.665.1133
fax 215.563.8970



Page 2
July 3, 2012

<span style="margin-left:2em">Schaffhauser v. Citibank (South Dakota) N.A.</span>, 340 Fed. Appx. 128 (3d Cir. 2009). "Thus a violation of a provision of the FDCPA requires a discrete act; that is, an identifiable incident wherein the plaintiff's rights under the Act were violated." Id. Plaintiff filed his complaint on May 11, 2012. Plaintiff alleges that Hanna sent him a dunning letter dated May 9, 2011. (Cmplt ¶8). This letter constitutes the basis for his lawsuit. Therefore, the statute of limitations began to run on May 9, 2011 and Plaintiff's last day to file a claim based on the letter was May 9, 2012. Plaintiff's claims are therefore time barred under 15 U.S.C. § 1692k(d).

This matter was originally brought in state court. Prior to Defendant's removal of the matter, this office wrote to Plaintiff's counsel to advise that his client's claims were in fact time barred. It was requested that counsel provide either information to the contrary or dismiss the case promptly. Plaintiff's counsel never responded to our firm's request.

Under the circumstances, it is respectfully requested that Defendant be permitted to file its Rule 12(b)(6) motion as well as seek sanctions pursuant to Rule 11 for the Plaintiff's willful conduct in pursuing a matter that is clearly not warranted under existing law.

Thank you for your consideration.

Respectfully submitted,

Maurice & Needleman, P.C.

/s/ *Rachel Marin*
Rachel Marin

RM/

cc: Aryeh Pomerantz (via ECF)